UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA KLIEBERT,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2353** |
| **DG LOUISIANA, LLC,**<br>    **Defendant** | **SECTION: "E" (3)** |

### ORDER AND REASONS

Before the Court is plaintiff Barbara Kliebert's "Unopposed Motion for Remand."[1] Considering the motion, record, and applicable law, the Court grants the motion.

On March 30, 2015, plaintiff filed suit in Twenty-first Judicial District Court for the Parish of Tangipahoa, alleging injuries resulting from a fall in defendant DG Louisiana, LLC's ("DG") store.[2] Specifically, plaintiff alleged that, because of DG's negligence, plaintiff "sustained severe and disabling injury including a contusion to her left ankle, left knee, right elbow and shoulder, and right hip, all of which required extensive medical care."[3] Plaintiff's alleged damages included past, present, and future medical expenses, physical disability, physical pain and suffering, emotional distress and loss of enjoyment of life.[4] Plaintiff alleged that damages did not exceed $50,000.[5]

DG filed a notice of removal on March 22, 2016, alleging that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[6] In its notice of removal, DG contended that medical bills and records, as well as correspondence from

---

[1] R. Doc. 7.
[2] R. Doc. 1-2. Plaintiff originally filed suit against "Dolgencorp, Inc." and later amended her petition to reflect the correct name of defendant, DG Louisiana, LLC. R. Doc. 1-3.
[3] R. Doc. 1-2 at 2.
[4] *Id.*
[5] *Id.* at 1.
[6] R. Doc. 1.

1

plaintiff's counsel put defendant on notice, as of February 24, 2016, that the amount in controversy in the case likely exceeded $75,000.[7] Because DG is citizen of Tennessee and plaintiff is a citizen of Louisiana, DG contended that its removal was proper.[8]

On April 19, 2016, plaintiff filed the instant unopposed motion to remand.[9] In the motion, plaintiff represents to the Court "that the parties have stipulated that the amount in controversy in this matter does not exceed the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, *said stipulation being binding on the plaintiff.*"[10] The motion is accompanied by an "Unopposed Stipulation" in which plaintiff "stipulates the damages in the captioned matter cannot exceed the sum of [$75,000.00]."[11] Plaintiff further states in the stipulation that "any verdict in excess [of $75,000.00] shall be reduced to [$75,000.00], exclusive of interest and costs."[12]

Under 28 U.S.C. § 1332(a), jurisdiction is proper where (1) the parties are completely diverse, and (2) the amount in controversy exceeds $75,000. The removing defendant carries the burden of establishing removal jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Louisiana law requires that a

---

[7] *Id.* at 2.
[8] *See generally id.*
[9] R. Doc. 7.
[10] *Id.* (emphasis added).
[11] R. Doc. 7-1.
[12] *Id.*

plaintiff include "no specific amount of damages" in a prayer for relief. LA. CODE CIV. PROC. ART. 893.1. When the plaintiff has, therefore, alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

This preponderance of the evidence showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. *Manguno*, 276 F.3d at 723; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to prove "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Luckett*, 171 F.3d at 298. If the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. *See Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia*, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by *Marathon Oil Co. v. Ruhgras*, 145 F.3d 211, 214 (5th Cir. 1998), rev'd on other grounds, 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in

3

the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). A plaintiff "may establish this by identifying a statute, or by filing a binding stipulation, that so limits her recovery." *Manguno*, 276 F.3d at 724 (citing De *Aguilar*, 47 F.3d at 1412).

Here, the Court concludes that it is not facially apparent from the face of the state court petition that damages exceed $75,000. Indeed, the pertinent state court pleadings submitted to the Court indicate that damages do not exceed $50,000, with only a letter from plaintiff's counsel indicating that plaintiff *might* amend her petition to allege a greater amount in damages.[13] And because plaintiff has submitted what the Court determines to be a binding stipulation that damages will not exceed $75,000 as a legal certainty, remand is appropriate under *Manguno*.

Accordingly;

**IT IS ORDERED** that plaintiff's unopposed motion to remand is **GRANTED** and the Court hereby **REMANDS** the above-captioned case, Civil Action Number 16-2353, to the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana.[14]

**IT IS FURTHER ORDERED** that the "Motion to Withdraw Counsel of Record" is **DISMISSED AS MOOT**.[15]

**New Orleans, Louisiana, this 20th day of April, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 1-2 at 3.
[14] R. Doc. 7.
[15] R. Doc. 8.

4